IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEX BELFI, *Pro Se*, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | |
| | : | No. 24-05489 |
| HONORABLE NINA WRIGHT PADILLA, | : | |
| THOMAS WAGNER, LENDINGCLUB BANK, | : | |
| N.A., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

**Younge, J.**                                                                 **December 4, 2025**

I.   **INTRODUCTION**

Pro Se Plaintiff Alex Belfi brings this action against Defendant—the Honorable Nina Wright Padilla, seeking relief and damages for Defendant's alleged misconduct arising from a civil lawsuit against Plaintiff in state court between December 2017 and January 2020. Judge Nina Wright Padilla, of the Court of Common Pleas in Philadelphia County, entered judgment in favor of Plaintiff's former business partner in February 2020. Judge Nina Wright Padilla has moved to dismiss Plaintiff's Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). Judge Nina Wright Padilla argues that Plaintiff's claims are time-barred by the doctrine of res judicata and the applicable statutes of limitations, barred by judicial and Eleventh Amendment immunities, and barred by the *Rooker-Feldman* doctrine. Judge Nina Wright Padilla further alleges Plaintiff lacks standing to bring a cause of action under the statutes complained therein. For the reasons set forth in this Memorandum, Judge Nina Wright Padilla's Motion to Dismiss is GRANTED, and DISMISSED with prejudice as leave to amend would be futile.

II.     **FACTUAL BACKGROUND**[1]

Plaintiff alleges that in December 2017, a non-defendant named Mary E. Brophy forged his signature on a partnership agreement claiming a 50.1% interest in real estate. (ECF No. 56). Brophy, represented by co-Defendant Thomas Wagner, filed a complaint, both in her individual capacity and as a managing partner of and trading as "League Street Partnership," in the Philadelphia Court of Common Pleas asserting claims of breach of fiduciary duty and contract, a declaratory judgment, and unjust enrichment, *inter alia*, arising from the written partnership agreement. (*Id*). Plaintiff alleges that Brophy refused to produce the original partnership agreement which was integral to her claims against Plaintiff. (*Id*). However, Brophy produced a copy of the agreement to Plaintiff that allegedly evidenced an unrefuted forgery of his affixed signature. (*Id*).

Plaintiff alleges that on June 6, 2018, without prior notice, the Philadelphia Court of Common Pleas entered an order freezing Plaintiff's account at his holding bank, Radius Bancorp, Inc.[2] (ECF No. 56). Plaintiff alleges that his veteran disability benefits were deposited into the account that was court-ordered frozen without due process to address that his benefits were exempt from any order freezing and/or garnishing his assets. (*Id*. ¶ 24). According to the record, the Philadelphia Court of Common Pleas informed the parties that they could not garnish Plaintiff's veteran disability benefits on June 11, 2018.[3] *See Belfi v. Wagner, et al.*, No. 23-CV-4346, 2024 WL 4349953 (E.D. Pa. Sept. 30, 2024) (citing Am. Compl ¶ 45, 50). Thomas Wagner through his

---

[1] The following facts are drawn from Plaintiff's Second Amended Complaint, the exhibits to the Second Amended Complaint, and the state and federal court dockets pertaining to both the underlying state court action from which Plaintiff's claims in this case arise. These "[c]ourt dockets may be considered on a motion to dismiss because they are matters of public record." *Gov't Emps. Ins. Co. v. Nealey*, 262 F. Supp. 3d 153, 167 n.12 (E.D. Pa. 2017); *see also Orabi v. Att'y Gen. of the U.S.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014) (noting a court "may take judicial notice of the contents of another Court's docket"); *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) ("To resolve a 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint.").
[2] Co-Defendant LendingClub acquired Radius Bancorp, Inc. in 2021.
[3] Shortly thereafter, Defendant Judge Nina Wright Padilla became the presiding judge of Plaintiff's state case.

law firm—Marshall Dennehy contacted Radius Bancorp to enforce the court order. (ECF No. 56 ¶¶ 15, 16). The state court action ultimately went to trial in November 2019. (*Id*. ¶ 10). After two years of litigation[4], Brophy prevailed on her unjust enrichment claim against Plaintiff of approximately fifty percent of the proceeds from the sale of the property at dispute in the state action. (*Id*. ¶ 14). Judge Nina Wright Padilla entered judgment on January 9, 2020, and issued a final opinion on February 20, 2020. *Id*.; *see Brophy, et al v. Belfi*, No. 171204000 (C.P. Phila. Feb. 2020) (Padilla, J.). Plaintiff appealed to the Pennsylvania Superior Court, but the appeal was quashed in May 2020 for failure to file post-trial motions and a Rule 1925 statement of issues presented on appeal. *Brophy, et al*, No. 171204000 (civil docket at 4).

In 2021, Plaintiff filed a federal action against Judge Nina Wright Padilla, Thomas Wagner, Radius Bancorp and five other defendants. *See* (ECF No. 1), *Belfi v. Radius Bancorp et al*, No. 21-CV-05672-JP. Plaintiff asserted a claim pursuant to 42 U.S.C. § 1983 based upon an alleged search and seizure of his veterans benefits; a due process claim related to an underlying state court action; claims under the Pennsylvania Constitution for alleged violation of his right to privacy against Radius Bancorp for responding to the subpoena; a claim under 42 U.S.C. § 1985; and finally, state law claims for conversion, intentional infliction of emotional distress, and negligent infliction of emotional distress. (*Id*. at ¶ 57-110). The Court granted Plaintiff leave to proceed *in forma pauperis*[5] because it appeared that he was incapable of paying the fees to commence the civil action. This Court evaluated Plaintiff's complaint under that section and ultimately dismissed each of his claims arising under federal law with prejudice and dismissed the remaining state law claims

---

[4] Plaintiff even sought federal relief by filing a removal action in 2019. *Brophy v. Belfi*, United States District Court for the Eastern District of Pennsylvania Case No. 19-cv-01488.
[5] When proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires a court to dismiss a complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See id*. at *3; *see also Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

without prejudice. *See Belfi v. Radius Bancorp*, No. 21-CV-5672, 2022 WL 93930 (E.D. Pa. Jan. 10, 2022), *reconsideration denied*, 2022 WL 329564 (E.D. Pa. Feb. 2, 2022), and *motion for relief from judgment denied*, 2023 WL 4747675 (E.D. Pa. July 24, 2023).

Three years after Judge Nina Wright Padilla's judgment, Plaintiff has made a series of attempts to obtain relief from that judgment in both state and federal court. Plaintiff sought relief in state court to reinstate his appeal in the Superior Court, but the application was denied. Dkts. Pa Super. Ct. No. 196 EDA 2020. He then filed two motions in the Court of Common Pleas seeking to vacate Judge Nina Wright Padilla's judgment and to release his garnished accounts. Defs.' Ex. 2, ECF No. 71-2 at 52 (01/24/2023). However, each of Plaintiff's motions were denied and he subsequently appealed the rulings to the Superior Court and the Third Circuit Court of Appeals. Defs.' Ex. 2, ECF No. 71-2 at 55 (03/01/2023). Pending state and federal appellate review, Plaintiff sought to remove the state court action to federal court again, but this Court remanded the case. Defs.' Ex. 4, ECF No. 71-4 at 5 (07/24/2023). Plaintiff then appealed the remand order to the Third Circuit.

All of Plaintiff's appellate proceedings at the state and federal courts were denied. The Superior Court quashed both of Plaintiff's state court appeals in March 2024. Defs.' Ex. 4, ECF No. 71-4 at 5 (03/21/2024); Defs.' Ex. 5, ECF No. 71-5 at 5 (03/20/2024). The Third Circuit affirmed the denial of Plaintiff's motions for relief in the 2019 removal action in August 2023 and dismissed his appeal from the 2023 remand order in November 2023. Defs.' Ex. 8, ECF No. 71-8 (08/14/2023); *see Brophy v. Belfi*, C.A. No. 23-2452 (3d Cir.) (11/17/23 docket entry).

Shortly thereafter, Plaintiff sought federal relief from Thomas Wagner and his firm—Marshall Dennehy, among others on November 5, 2023, asserting state and federal claims that arose from Judge Nina Wright Padilla's June 2018 garnishment order. Defs.' Ex. 9, ECF No. 71-9

at 5 (11/30/2023). Plaintiff brought nine causes of action against Thomas Wagner arising from the alleged misconduct of Judge Nina Wright Padilla's June 2018 order as well as Thomas Wagner's alleged improper use of his subpoena power. Defs.' Ex. 10, ECF No. 71-10. The Court granted defendant's motion to dismiss Plaintiff's amended complaint in September 2024 finding that Plaintiff's claims arose from conduct that took place between December 2017 and January 2020 and that the claims were either time-barred or barred by the doctrine of judicial immunity, or both. Defs.' Ex. 11, ECF No. 71-11.

On October 12, 2024, Plaintiff commenced this new federal court action by filing a Complaint against Judge Nina Wright Padilla, Thomas Wagner, and LendingClub. (ECF No. 1). Plaintiff filed an Amended Complaint on November 24, 2024, asserting claims against all Defendants for (1) violation of procedural due process pursuant to the Fourteenth Amendment of the United States Constitution, (2) violation of 38 U.S.C. § 5301, (3) violation of 231 Pa. Code Rule 3111.1, (4) lack of writ of execution,[6] (5) aiding and abetting fraud,[7] and (6) immunity and exception to judicial immunity.[8] *See* (ECF No. 5). Following this Court's Order on October 15, 2025[9], Plaintiff filed a Second Amended Complaint on the same day against Judge Nina Wright Padilla, Thomas Wagner, LendingClub, and the City of Philadelphia. *See* (ECF Nos. 55 and 56). Plaintiff asserts in his Second Amended Complaint the same claims from his First Amended Complaint with an addition of (1) a violation of Civil R.I.C.O. pursuant to 18 U.S.C. § 1962(c),

---

[6] Against Thomas Wagner and LendingClub only.
[7] Against LendingClub only.
[8] Against Judge Nina Wright Padilla only.
[9] The Order in relevant part directed Plaintiff that:
> The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Mr. Belfi should be mindful of the Court's reasons for dismissing any claims previously litigated in his initial Complaint and other papers. Mr. Belfi should not include in any amended complaint claims that have already been dismissed with prejudice.

*See* (ECF No. 55) (quoting the Court's order granting leave to amend complaint).

(2) a violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL) pursuant to 73 P.S. § 201-1 et seq., and (3) a violation of Civil R.I.C.O. pursuant to 18 U.S.C. § 1962(c) (Incorporating Hobbs Act, 18 U.S.C. § 1951).

Judge Nina Wright Padilla has moved to dismiss the Second Amended Complaint in its entirety on grounds that all of Plaintiff's claims are barred by the applicable statute of limitations, the doctrine of res judicata, and the doctrine of judicial immunity. (ECF No. 60). Plaintiff opposes the motion. (ECF No. 61).

### III.  LEGAL STANDARD

The standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is examined in detail in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). After *Iqbal*, it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. *Id.* at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim [for] relief that is plausible on its face.'" *Tatis v. Allied Interstate*, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). All well-pleaded allegations in the complaint must be accepted as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in the plaintiffs' favor. *See McTernan v. City of York*, 577 F. 3d 521, 526 (3d. Cir. 2009). The court may also consider "exhibits attached to the complaint," "matters of public record," and documents "integral to or explicitly relied upon in the complaint"

at the motion to dismiss stage, without converting the motion into one for summary judgment. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (emphasis, citation and internal quotation marks omitted). Where, as here, the plaintiff is proceeding pro se, the court must construe the complaint liberally, holding it "to less stringent standards than formal pleadings drafted by lawyers." *Kalu v. Spaulding*, 113 F.4th 311, 325 (3d Cir. 2024) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Thus, this Court must examine Plaintiffs' claims to determine whether it can infer that Defendants are liable for the alleged misconduct.

## IV.   DISCUSSION

### A.   Statute of limitations bars Plaintiff's claims against Judge Nina Wright Padilla.

Plaintiff's claims against Judge Nina Wright Padilla are barred by the statute of limitations. The Third Circuit permits defendants to raise a statute of limitations defense under a Rule 12(b)(6) motion "only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Schmidt*, 770 F.3d at 249 (citation and internal quotation marks omitted). However, the court must find that the limitation "is apparent on the face of the complaint," to dismiss the complaint as time barred. *Id*. (citation and internal quotation marks omitted). "The statute of limitations begins to run as soon as the right to institute and maintain suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations." *Pocono Int'l Raceway v. Pocono Produce*, 468 A.2d 468, 471 (Pa. 1983). Plaintiff's alleged conduct presented in the Second Amended Complaint shows on its face that the statute of limitations bars his claims against Judge Nina Wright Padilla.

### i.   Claims against Judge Nina Wright Padilla are time barred.

Plaintiff's claims against Judge Nina Wright Padilla alleged in his Second Amended Complaint are time barred. The statute of limitations for a § 1983 claim arising in Pennsylvania is

two years. *Montanez v. Secretary Pennsylvania Dept. of Corrections*, 773 F.3d 472, 480 (3d Cir. 2014). The date of accrual in a § 1983 action is determined by federal law. *Id*. Under federal law, a cause of action accrues "when the plaintiff knew or should have known of the injury upon which the action is based." *Id.* (citation and internal quotation marks omitted). Plaintiff's claim against Judge Nina Wright Padilla arises from conduct that occurred between December 2017 and January 2020, over four years before Plaintiff filed this action. (ECF No. 56).

Judge Nina Wright Padilla moves to dismiss Plaintiff's Amended Complaint because the conduct alleged therein was not brought during the requisite statute of limitations period to be actionable. (ECF No. 60). Plaintiff asserts that Judge Nina Wright Padilla erroneously garnished his veteran disability benefits in June 2018 and entered judgment against him in January 2020 resulting in a violation of his procedural due process rights under the Fourteenth Amendment. (ECF No. 56). However, as this Court has previously addressed in *Belfi v. Wagner*, No. 23-CV-4346, 2024 WL 4349953, at *5 (E.D. Pa. Sept. 30, 2024), the Second Amended Complaint makes clear that Judge Nina Wright Padilla's actions were taken while the state court litigation was ongoing—with Plaintiff's knowledge—since he maintains Defendants were "attempt[ing] to coerce [him] into a settlement" of that litigation. *See* (ECF No. 56 ¶¶ 25, 31, 44, 48). Notably, Plaintiff's claim arises from an underlying action in the Court of Common Pleas that concluded four years prior to when the present action commenced. Accordingly, Plaintiff's claims against Judge Nina Wright Padilla are dismissed because the Second Amended Complaint shows on its face that his claims were not filed during the prescribed two-year statute of limitations period, thus, the claims are time-barred against Judge Nina Wright Padilla.

Therefore, Plaintiff's claims are dismissed because the Second Amended Complaint shows on its face that Plaintiff failed to bring his claims against Judge Nina Wright Padilla during the two-year statute of limitations period, and so, these claims are time-barred.

**B. Res Judicata bars Plaintiff's claims against Judge Nina Wright Padilla.**

The doctrine of res judicata precludes Plaintiff from relitigating the same claims previously brought against Judge Nina Wright Padilla in this present action. Our Supreme Court has well-settled that "the preclusive effect of a judgment" is met when successive litigation raises the same claim or same issue that prior litigation addressed, generally referred as the doctrine of res judicata. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Specifically, the Supreme Court has established the doctrine of claim preclusion where a "final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Id*. (citations and quotation marks omitted). By taking a broad view on whether successive suits are based on the same cause of action of a prior suit, the court must focus on the "essential similarity of the underlying events giving rise to the various legal claims." *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991). The Third Circuit has made clear that the preclusive effect of a claim[10] may be established if the "new allegations seek recovery for essentially the same wrongful conduct or a single course of wrongful conduct." *Crimone v. McCabe Weisberg & Conway, P.C.*, 737 Fed. Appx. 107, 109-110 (3d Cir. 2018). (citation and quotation marks omitted).

To demonstrate claim preclusion, a defendant must show that "there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action. *Lubrizol Corp.*, 929 F.2d at 963. All three elements are met here for each defendant. In this case, Plaintiff's Second Amended Complaint

---

[10] Claim preclusion also "bars not only claims that were brought in a previous action, but also claims that could have been brought." *Duhaney v. Att'y Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010).

arises from the alleged garnishment of his bank account that received deposits from his veteran disability benefits in June 2018. *See* (ECF No. 56). Considering whether the three elements of res judicata have been met, the Court finds that Plaintiff's federal and state law claims against Judge Nina Wright Padilla are dismissed with prejudice as res judicata applies.

First, the Plaintiff previously sued Judge Nina Wright Padilla to recover his garnished account under theories of § 1983 and § 5301 and the matter was dismissed with prejudice. *Belfi*, No. 21-CV-5672, 2022 WL 93930. This Court found that Judge Nina Wright Padilla was entitled to absolute immunity from § 1983 claims since she acted in her judicial capacity performing a function normally performed by a judge. *Id*. at 8-9. Further, the Court previously held, and reaffirms now[11], that there has been no statutory language or case law that creates a cause of action against a party that has sought to garnish exempt funds. *Belfi*, No. 21-cv-5672, 2022 WL 329564, at *2 (citing 38 U.S.C. §5301 and 231 Pa. Code Rule 3111.1). The Court now finds that there was a final judgment on the merits in the prior suit.

Second, Plaintiff and Judge Nina Wright Padilla were parties to the previous litigation and to this matter. *See* (Defs.' Ex. 1, ECF No. 62-3); (ECF No. 56). As such, the second element has been met because the same parties or their privies are present in this action that were present in the previous action.

Third, Plaintiff seeks recovery under the same theories of liability, *inter alia*, that were brought in the prior action. *See* (Defs.' Ex. 1, ECF No. 62-3); (Defs.' Ex. 9, ECF No. 71-9 at 5). This Court dismissed Plaintiff's previous action against Judge Nina Wright Padilla with prejudice. (Defs.' Ex. 1, ECF No. 62-3). The preclusive effect of Plaintiff's previous claims against Judge Nina Wright Padilla forecloses the present matter because the Second Amended Complaint here

---

[11] Whether or not Judge Nina Wright Padilla violated a state rule of procedure, Plaintiff is precluded from bringing a private action.

seeks recovery for essentially the same alleged wrongful conduct that was alleged at the prior action or should have been alleged. *See Duhaney*, 621 F.3d at 347 (claim preclusion "bars not only claims that were brought in a previous action, but also claims that could have been brought."). Thus, Plaintiff's claims against Judge Nina Wright Padilla are barred under the doctrine of res judicata and dismissed with prejudice.

### C. Judge Nina Wright Padilla is immune from liability and suit.

Plaintiff asserts claims against Judge Nina Wright Padilla in her individual capacity and/or her official capacity in his Second Amended Complaint. (ECF No. 56). However, Judge Nina Wright Padilla is immune from liability from suit in her individual and official capacity. Therefore, Plaintiff's claims asserted in his Second Amended Complaint are dismissed pursuant to the doctrine of judicial immunity and the Eleventh Amendment immunity clause[12].

### i. Doctrine of Judicial Immunity

To the extent Plaintiff seeks to assert civil rights claims under § 1983 against Judge Nina Wright Padilla, those claims are dismissed with prejudice. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d

---

[12] The *Rooker-Feldman* doctrine deprives this Court of subject matter jurisdiction over Plaintiff's claims as well. While the Court rejects Plaintiff's assertion that his federal claim was never litigated (ECF No. 61), the sought after relief is barred pursuant to the *Rooker-Feldman* doctrine. Under that doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments*." Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id*. at 166 (quotations omitted).

760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).

Judge Nina Wright Padilla is a Pennsylvania Court of Common Pleas Judge for Philadelphia County. Pennsylvania courts of common pleas have "unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas." 42 Pa. Stat. and Cons. Stat. Ann. § 931(a) (West); *see also* Pa. Const. art. V, § 5 (there shall be "one court of common pleas for each judicial district . . . having unlimited original jurisdiction in all cases except as may otherwise be provided by law."). Here, Plaintiff asserts that Judge Nina Wright Padilla lacked subject matter jurisdiction over his state action because she allegedly failed to join an indispensable party. (ECF No. 56). Plaintiff's argument is meritless. The proper analysis to determine if Judge Nina Wright Padilla is entitled to judicial immunity is whether she had jurisdiction to preside over the matter, which she did as a duly elected judge of the court of common pleas. *See Figueroa*, 208 F.3d at 444.

Plaintiff also asserts that Judge Nina Wright Padilla is not immune because she allegedly violated § 5301 prohibiting the garnishment of his veteran disability benefits. (ECF No. 56). However, Plaintiff is mistaken on what deprives a judge for immunity purposes. The Third Circuit has held that it is "preposterous" to hold that "whenever a judge makes an error of law or procedure in a matter properly before him or her, that judge is not entitled to judicial immunity." *Id*. at 444-45. Stated differently, even if Judge Nina Wright Padilla violated the law or procedure, or made a mistake, she shall not be deprived of her immunity because she properly exercised her jurisdiction over the matter. Because the actions allegedly taken by Judge Nina Wright Padilla were all normal functions done in her judicial capacity, which Plaintiff concedes she acted in her judicial capacity

(ECF No. 56, ¶ 5), she is absolutely immune from suit in a case like the present one where she properly exercised jurisdiction as a judge of the Court of Common Pleas[13]. Notwithstanding, this Court has previously rejected Plaintiff's claims against Judge Nina Wright Padilla for lack of immunity but will reiterate it here. Judge Nina Wright Padilla's actions that allegedly violated Plaintiff's rights were done in her judicial capacity with proper jurisdiction over his matter, and thus, she is immune from suit pursuant to the doctrine of judicial immunity. Pursuant to the doctrine of judicial immunity, Plaintiff's claims against Judge Nina Wright Padilla are dismissed with prejudice.

    ii.    **Eleventh Amendment Immunity**

Plaintiff asserts an official capacity claim against Judge Nina Wright Padilla, but she is immune from suit pursuant to the Eleventh Amendment. The Eleventh Amendment of the United States Constitution provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against any one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Our Supreme Court has explained that a suit brought against a state official should "be treated as a suit against the entity" not the official. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Court further explained in *Hafer v. Melo*, 502 U.S. 21, 26 (1991), that a state official being sued in their official capacity is not a party to the suit rather their government office, entity, or state is the party in interest to the suit. Absent a state's consent, the Eleventh Amendment bars a civil rights

---

[13] Plaintiff alleges that Judge Nina Wright Padilla, acting under color of state law, deprived him of his property without procedural due process in violation of the Fourteenth Amendment. (ECF No. 56). "To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233–34 (3d Cir. 2006). Here, Plaintiff did not allege that he was denied notice or an opportunity to be heard on his motions to release his exempt funds, as required by the due process clause. *See* (ECF No. 60). Moreover, Plaintiff's due process claim is dismissed since Judge Nina Wright Padilla properly exercised her judicial authority.

suit against the state in federal court. *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981). Pennsylvania has not statutorily waived its Eleventh Amendment immunity. *Id.* Moreover, the Third Circuit has found that a Rule 12(b)(1) motion may be dispositive when considering a motion to dismiss a complaint because "the Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996).

Here, Judge Nina Wright Padilla is a judge on the Philadelphia Court of Common Pleas. A Pennsylvania court of common pleas is an entity of the Unified Judicial System of Pennsylvania and is a part of the Commonwealth of Pennsylvania. 42 Pa. Stat. and Cons. Stat. Ann. § 301(4) (West); Pa. Const. art. V, § 1(c), 10(a). The term "Commonwealth government" includes "the courts and other officers or agencies of the unified judicial system" and the term "court" includes "any one or more of the judges of the court." 42 Pa. Stat. and Cons. Stat. Ann. § 102 (West). Plaintiff asserts an official capacity claim against Judge Nina Wright Padilla in his Second Amended Complaint, as such, these claims are against the Commonwealth of Pennsylvania and not the judge. Pursuant to the Eleventh Amendment, Plaintiff's official capacity claim against Judge Nina Wright Padilla is dismissed with prejudice.

### D. Plaintiff's R.I.C.O. claims against Judge Nina Wright Padilla fail as a matter of law.

Plaintiff alleges that Judge Nina Wright Padilla engaged in affairs of an enterprise through a pattern of racketeering activity in violation of the Racketeer Influenced and Corrupt Organizations Act ("R.I.C.O."). (ECF No. 56). R.I.C.O. "imposes criminal and civil liability upon those who engage in certain 'prohibited activities.'" *Care One Mgmt. LLC v. United Healthcare Workers E.*, 43 F.4th 126, 135 (3d Cir. 2022); *see* 18 U.S.C. § 1962(c). "To establish liability under § 1962(c), a plaintiff must show that defendant(s) acted as an 'enterprise' and conducted a 'pattern

of racketeering activity' through certain criminal predicate acts." *Care One Mgmt. LLC*, 43 F.4th at 135. Section 1961(5) establishes that a "pattern of racketeering activity" "requires at least two acts of racketeering activity, one of which occurred after [June 25, 2022] and the last of which occurred within ten years after the commission of a prior act of racketeering activity." Here, Plaintiff has failed to allege any facts that would sufficiently assert a "pattern of racketeering activity" as described within the statute. Moreover, Judge Nina Wright Padilla is correct in that Plaintiff must allege sufficient facts to satisfy its' pleading requirement beyond stating a legal conclusion that she participated in fraud and extortion. *See also Bell Atl. Corp.*, 550 U.S. at 555.

Insofar as courts being an "enterprise" under R.I.C.O., Judge Nina Wright Padilla's actions fall woefully short from Third Circuit guidance. *See Averbach v. Rival Mfg. Co.*, 809 F.2d 1016, 1018 (3d Cir. 1987). Courts that have been recognized as "enterprises" involve participants engaging in "patterns of activities designed to corrupt the operation of the courts' own processes," thereby failing to exercise its judicial authority as "intended by Congress in 18 U.S.C. § 1962(c) (1982)." *Id*. Here, Plaintiff has failed to show in its Second Amended Complaint sufficient facts to evidence Judge Nina Wright Padilla participating in racketeering activity to corrupt the operation of the courts. As stated above, Judge Nina Wright Padilla served as a Court of Common Pleas judge adjudicating claims properly brought before her in the underlying action. Accordingly, Judge Nina Wright Padilla is immune from Plaintiff's R.I.C.O. claim and therefore this claim is dismissed with prejudice.

IV.     **CONCLUSION**

As set forth above Plaintiff's claims are barred in their entirety by the applicable statute of limitations, principles of law and immunity doctrines. Since majority of Plaintiff's claims asserted in this lawsuit against Judge Nina Wright Padilla and her co-Defendants have already been

dismissed with prejudice by this Court, Defendants motion to dismiss is granted. *Belfi v. Radius Bancorp*, No. 21-CV-5672, 2022 WL 93930, at *2 (E.D. Pa. Jan. 10, 2022), *reconsideration denied*, No. 21-CV-5672, 2022 WL 329564 (E.D. Pa. Feb. 2, 2022), and *motion for relief from judgment denied*, No. CV 21-CV-5672, 2023 WL 4747675 (E.D. Pa. July 24, 2023). Amendment would be futile in this case. *See Peeples v. Citta*, 501 F. App'x 109, 111 (3d Cir. 2012) (affirming district court's declination of leave to amend because the panel did notsee how the plaintiff could have amended his complaint to overcome judicial immunity); *Harper-Bey v. New Jersey*, 512 F. App'x 128, 129 (3d Cir. 2013), n.1 (3d Cir. 2013) (district court did not err by not allowing the plaintiff leave to amend because the panel did not see how the plaintiff could have amended his complaint to overcome Eleventh Amendment immunity); *Mehta v. City of Jersey City*, 360 F. App'x 270, 271 (3d Cir. 2010) (dismissal based on *Rooker-Feldman* is recognized as a situation where amendment of a complaint is futile). Notwithstanding Plaintiff's numerous lawsuits against Judge Nina Wright Padilla, he has failed to present to this Court any facts or case law to overcome the principles of law that bar this case from proceeding. Therefore, Judge Nina Wright Padilla's Motion to Dismiss is granted, and dismissed with prejudice.

**An appropriate order follows.**

BY THE COURT:

*/s/ John Milton Younge*
**JOHN M. YOUNGE, J.**