## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALEX BELFI, *Pro Se*,                          :
                                               :
     Plaintiff,                            :
                                               :         CIVIL ACTION
       v.                                  :
                                               :         No. 24-05489
HONORABLE NINA WRIGHT PADILLA,                 :
THOMAS WAGNER, LENDINGCLUB BANK,               :
N.A., *et al*.,                                :
                                               :
     Defendants.                           :

### MEMORANDUM

**Younge, J.**                                                    **June 24, 2026**

## I.    INTRODUCTION

Pro Se Plaintiff Alex Belfi brings this action against Defendants—Thomas Wagner, Esq. ("Thomas Wagner") and LendingClub Bank, National Association ("LendingClub"), seeking relief and damages for Defendants alleged misconduct arising from a civil lawsuit against Plaintiff in state court between December 2017 and January 2020. (ECF No. 56.) The Honorable Nina Wright Padilla, of the Court of Common Pleas in Philadelphia County, entered judgment in favor of Plaintiff's former business partner in February 2020. Defendants have moved to dismiss Plaintiff's Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 62, 71.) Defendants argue that Plaintiff's claims are barred by the doctrine of res judicata and the applicable statutes of limitations and barred by the *Rooker-Feldman* doctrine. (*Id*.) Defendants further argue Plaintiff lacks standing to bring a cause of action under the statutes complained therein. The Court finds this Motion appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f). For the reasons set forth in this Memorandum, Moving Defendants' Motion to Dismiss is GRANTED, and DISMISSED with prejudice as leave to amend would be futile.

## II.    FACTUAL BACKGROUND[1]

Plaintiff alleges that in December 2017, a non-defendant named Mary E. Brophy ("Brophy") forged his signature on a partnership agreement claiming a 50.1% interest in real estate. (ECF No. 56.) Brophy, represented by Defendant Thomas Wagner, filed a complaint, both in her individual capacity and as a managing partner of and trading as "League Street Partnership," in the Philadelphia Court of Common Pleas asserting claims of breach of fiduciary duty and contract, a declaratory judgment, and unjust enrichment, *inter alia*, arising from the written partnership agreement. (*Id.*) Plaintiff alleges that Brophy refused to produce the original partnership agreement which was integral to her claims against Plaintiff. (*Id.*) However, Brophy produced a copy of the agreement to Plaintiff that allegedly evidenced an unrefuted forgery of his affixed signature. (*Id.*)

Plaintiff alleges that on June 6, 2018, without prior notice, the Philadelphia Court of Common Pleas entered an order freezing Plaintiff's account at his holding bank, Radius Bancorp, Inc.[2] (ECF No. 56.) Plaintiff alleges that his veteran disability benefits were deposited into the account that was court-ordered frozen without due process to address that his benefits were exempt from any order freezing and/or garnishing his assets. (*Id.* ¶ 33.) According to the record, the Philadelphia Court of Common Pleas informed the parties that they could not garnish Plaintiff's veteran disability benefits on June 11, 2018.[3] *See Belfi v. Wagner, et al.*, No. 23-cv-4346, 2024 WL 4349953 (E.D. Pa. Sept. 30, 2024) (citing ECF No. 56 ¶¶ 45, 50). Thomas Wagner through his law

---

[1] The following facts are drawn from Plaintiff's Second Amended Complaint, the exhibits to the Second Amended Complaint, and the state and federal court dockets pertaining to both the underlying state court action from which Plaintiff's claims in this case arise. These "[c]ourt dockets may be considered on a motion to dismiss because they are matters of public record." *Gov't Emps. Ins. Co. v. Nealey*, 262 F. Supp. 3d 153, 167 n.12 (E.D. Pa. 2017); *see also Orabi v. Att'y Gen. of the U.S.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014) (noting a court "may take judicial notice of the contents of another Court's docket"); *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) ("To resolve a 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint.").
[2] Defendant LendingClub acquired Radius Bancorp, Inc. in 2021.
[3] Shortly thereafter, Judge Nina Wright Padilla became the presiding judge of Plaintiff's state case.

firm—Marshall Dennehy contacted Radius Bankcorp to enforce the court order. (*Id*. ¶¶ 15, 16.) The state court action ultimately went to trial November 2019. (*Id*. ¶ 10.) After two years of litigation,[4] Brophy prevailed on her unjust enrichment claim against Plaintiff of approximately fifty percent of the proceeds from the sale of the property at dispute in the state action. (*Id*. ¶ 14.) Judge Nina Wright Padilla entered judgment on January 9, 2020, and issued a final opinion on February 20, 2020. (*Id*.); *see Brophy, et al v. Belfi*, No. 171204000 (C.P. Phila. Feb. 2020) (Padilla, J.). Plaintiff appealed to the Pennsylvania Superior Court, but the appeal was quashed in May 2020 for failure to file post-trial motions and a Rule 1925 statement of issues presented on appeal. *Brophy, et al*, No. 171204000 (civil docket at 4).

In 2021, Plaintiff filed a federal action against Judge Nina Wright Padilla, Thomas Wagner, Radius Bancorp and five other defendants. *See* (ECF No. 1), *Belfi v. Radius Bancorp et al*, No. 21-cv-05672-JP. Plaintiff asserted a claim pursuant to 42 U.S.C. § 1983 based upon an alleged search and seizure of his veterans benefits; a due process claim related to an underlying state court action; claims under the Pennsylvania Constitution for alleged violation of his right to privacy against Radius Bancorp for responding to the subpoena; a claim under 42 U.S.C. § 1985; and finally, state law claims for conversion, intentional infliction of emotional distress, and negligent infliction of emotional distress. (*Id*. at ¶ 57-110.) The Court granted Plaintiff leave to proceed *in forma pauperis*[5] because it appeared that he was incapable of paying the fees to commence the civil action. This Court evaluated Plaintiff's complaint under that section and ultimately dismissed each of his claims arising under federal law with prejudice and dismissed the remaining state law claims

---

[4] Plaintiff even sought federal relief by filing a removal action in 2019. *Brophy v. Belfi*, United States District Court for the Eastern District of Pennsylvania Case No. 19-cv-01488.

[5] When proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires a court to dismiss a complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See id*. at *3; *see also Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

without prejudice. *See Belfi v. Radius Bancorp*, No. 21-CV-5672, 2022 WL 93930 (E.D. Pa. Jan. 10, 2022), *reconsideration denied*, 2022 WL 329564 (E.D. Pa. Feb. 2, 2022), and *motion for relief from judgment denied*, 2023 WL 4747675 (E.D. Pa. July 24, 2023).

Three years after Judge Nina Wright Padilla's judgment, Plaintiff has made a series of attempts to obtain relief from that judgment in both state and federal court. Plaintiff sought relief in state court to reinstate his appeal in the Superior Court, but the application was denied. Dkts. Pa Super. Ct. No. 196 EDA 2020. He then filed two motions in the Court of Common Pleas seeking to vacate Judge Nina Wright Padilla's judgment and to release his garnished accounts. Defs.' Ex. 2, ECF No. 71-2 at 52 (01/24/2023). However, each of Plaintiff's motions were denied and he subsequently appealed the rulings to the Superior Court and the Third Circuit Court of Appeals. Defs.' Ex. 2, ECF No. 71-2 at 55 (03/01/2023). Pending state and federal appellate review, Plaintiff sought to remove the state court action to federal court again, but this Court remanded the case. Defs.' Ex. 4, ECF No. 71-4 at 5 (07/24/2023). Plaintiff then appealed the remand order to the Third Circuit.

All of Plaintiff's appellate proceedings at the state and federal courts were denied. The Superior Court quashed both of Plaintiff's state court appeals in March 2024. Defs.' Ex. 4, ECF No. 71-4 at 5 (03/21/2024); Defs.' Ex. 5, ECF No. 71-5 at 5 (03/20/2024). The Third Circuit affirmed the denial of Plaintiff's motions for relief in the 2019 removal action in August 2023 and dismissed his appeal from the 2023 remand order in November 2023. Defs.' Ex. 8, ECF No. 71-8 (08/14/2023); *see Brophy v. Belfi*, C.A. No. 23-2452 (3d Cir.) (11/17/23 docket entry).

Shortly thereafter, Plaintiff sought federal relief from Thomas Wagner and his firm—Marshall Dennehy, among others on November 5, 2023, asserting state and federal claims that arose from Judge Nina Wright Padilla's June 2018 garnishment order. Defs.' Ex. 9, ECF No. 71-9

at 5 (11/30/2023). Plaintiff brought nine causes of action against Thomas Wagner arising from the alleged misconduct of Judge Nina Wright Padilla's June 2018 order as well as Thomas Wagner's alleged improper use of his subpoena power. Defs.' Ex. 10, ECF No. 71-10. The Court granted defendant's motion to dismiss Plaintiff's amended complaint in September 2024 finding that Plaintiff's claims arose from conduct that took place between December 2017 and January 2020 and that the claims were either time-barred or barred by the doctrine of judicial immunity, or both. Defs.' Ex. 11, ECF No. 71-11.

On October 12, 2024, Plaintiff commenced this new federal court action by filing a Complaint against Judge Nina Wright Padilla, Thomas Wagner, and LendingClub. (ECF No. 1.) Plaintiff filed an Amended Complaint on November 24, 2024, asserting claims against all Defendants for (1) violation of procedural due process pursuant to the Fourteenth Amendment of the United States Constitution, (2) violation of 38 U.S.C. § 5301, (3) violation of 231 Pa. Code Rule 3111.1, (4) lack of writ of execution,[6] (5) aiding and abetting fraud,[7] and (6) immunity and exception to judicial immunity.[8] *See* (ECF No. 5.) Following this Court's Order on October 15, 2025,[9] Plaintiff filed a Second Amended Complaint on the same day against Judge Nina Wright Padilla, Thomas Wagner, LendingClub, and the City of Philadelphia. *See* (ECF Nos. 55 and 56.) Plaintiff asserts in his Second Amended Complaint the same claims from his First Amended Complaint with an addition of (1) a violation of Civil R.I.C.O. pursuant to 18 U.S.C. § 1962(c),

---

[6] Against Thomas Wagner and LendingClub only.
[7] Against LendingClub only.
[8] Against Judge Nina Wright Padilla only.
[9] The Order in relevant part directed Plaintiff that:
> The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Mr. Belfi should be mindful of the Court's reasons for dismissing any claims previously litigated in his initial Complaint and other papers. Mr. Belfi should not include in any amended complaint claims that have already been dismissed with prejudice.

*See* (ECF No. 55) (quoting the Court's order granting leave to amend complaint).

(2) a violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL) pursuant to 73 P.S. § 201-1 et seq., and (3) a violation of Civil R.I.C.O. pursuant to 18 U.S.C. § 1962(c) (Incorporating Hobbs Act, 18 U.S.C. § 1951).

Defendants have moved to dismiss the Second Amended Complaint in its entirety on grounds that all of Plaintiff's claims are barred by the applicable statute of limitations, the doctrine of res judicata, and standing to bring a cause of action under the statutes complained therein. (ECF Nos. 62, 71.) Plaintiff opposes such motions. (ECF Nos. 63, 75.)

## III.    LEGAL STANDARD

The standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is examined in detail in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). After *Iqbal*, it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. *Id.* at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim [for] relief that is plausible on its face.'" *Tatis v. Allied Interstate*, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). All well-pleaded allegations in the complaint must be accepted as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in the plaintiffs' favor. *See McTernan v. City of York*, 577 F. 3d 521, 526 (3d. Cir. 2009).

The court may also consider "exhibits attached to the complaint," "matters of public record," and documents "integral to or explicitly relied upon in the complaint" at the motion to dismiss stage, without converting the motion into one for summary judgment. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (emphasis, citation and internal quotation marks omitted). Where, as here, the plaintiff is proceeding pro se, the court must construe the complaint liberally, holding it "to less stringent standards than formal pleadings drafted by lawyers." *Kalu v. Spaulding*, 113 F.4th 311, 325 (3d Cir. 2024) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). The Court will now examine Plaintiffs' claims to determine whether it can infer that Defendants are liable for the alleged misconduct.

IV.    DISCUSSION

A.  Statute of limitations bars Plaintiff's claims against Defendants.

Plaintiff's claims against Defendants are barred by the statute of limitations. The Third Circuit permits defendants to raise a statute of limitations defense under Rule 12(b)(6) motion "only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Schmidt*, 770 F.3d at 249 (citation and internal quotation marks omitted). However, the court must find that the limitation "is apparent on the face of the complaint," to dismiss the complaint as time barred. *Id*. (citation and internal quotation marks omitted). "The statute of limitations begins to run as soon as the right to institute and maintain suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations." *Pocono Int'l Raceway v. Pocono Produce*, 468 A.2d 468, 471 (Pa. 1983). Plaintiff's alleged conduct presented in the Amended Complaint shows on its face that the statute of limitations bars his claims against the Defendants.

    **i.**       **Claims against Defendants – Thomas Wagner and LendingClub are time barred.**

Plaintiff's claims against Defendants, Thomas Wagner and LendingClub, alleged in his Amended Complaint are time barred. Under Pennsylvania law, the statute of limitations for an action of "taking, detaining or injuring personal property, including actions for specific recovery thereof" or an "action upon a statute for a civil penalty or forfeiture" is two years. 42 Pa. C.S.A. § 5524(3), (5). Additionally, section 5524(7) provides that a two-year statute of limitations applies to "[a]ny other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter." Here, Plaintiff's claims arise from Defendants alleged taking of Plaintiff's property—veteran disability benefits—in response to Judge Nina Wright Padilla's June 2018 order (ECF No. 56) by freezing and/or garnishing his bank account without a *writ of execution*.[10] (*Id.*)

Defendants, Thomas Wagner and LendingClub, moves to dismiss the Second Amended Complaint because Plaintiff did not commence this action until October 2024, over four years after the alleged misconduct commenced. *See* (ECF Nos. 62, 71.) This Court finds that Plaintiff's claim should have been brought during the two-year period of when the alleged misconduct began to accrue—June 2018. Accordingly, the Second Amended Complaint on its face shows that the Plaintiff failed to bring his claims within the prescribed statute of limitations period.

    **ii.**     **Plaintiff's tolling theories fail to overcome the statute of limitations bar.**

Plaintiff asserts various tolling theories to support his position that his claims are not time-barred by relying on the discovery rule, continuing violation doctrine, and equitable tolling. (ECF

---

[10] Writ of execution is a court order that allows a creditor to seize and sell a debtor's non-exempt property to satisfy an unpaid money judgment. *See* 231 Pa. Code Rule 3252.

No. 56.) However, Plaintiff misapplies these doctrines. Here, Plaintiff failed to identify the date on which he allegedly discovered the applicable federal exemption to his benefits but argues that the date he became aware of is the date upon which the statute of limitations period should begin to accrue. (ECF No. 56.) Plaintiff is mistaken; his ignorance of the law does not equitably toll the statute of limitations period. The Third Circuit has recognized that "[a] federal cause of action accrues upon awareness of injury, not upon awareness of a potential legal theory or cause of action. Ignorance of the law is not a basis for tolling the statute of limitations." *Giles v. City of Philadelphia*, 542 F. App'x 121, 123 (3d Cir. 2013) (internal citations omitted); *see also Pocono Int'l Raceway*, 468 A.2d at 471.

Plaintiff also argues that his claims are not time-barred by alleging the continuing violation doctrine applies. (ECF No. 56.) The continuing violation doctrine[11] is inapplicable when a plaintiff "is aware of the injury at the time it occurred." *Montanez*, 773 F.3d at 481. Plaintiff in his Amended Complaint evidenced his knowledge of his injury—Judge Nina Wright Padilla's June 2018 order garnishing his account, when he sought relief from that order on June 11, 2018. Despite this knowledge, Plaintiff failed to raise his present claim in a timely fashion. Further, Plaintiff's alleged claims do not demonstrate a continuing violation in the context of this doctrine because a "continuing violation is occasioned by continual unlawful *acts,* not continual ill effects from an original violation." *Montanez*, 773 F.3d at 481 (internal citations omitted).

Plaintiff's equitable tolling theory fails to overcome the prescribed statute of limitations period. First, the Amended Complaint is devoid of facts to support the elements of fraudulent concealment. *See generally* ECF No. 5; *see Cunningham v. M & T Bank Corp.*, 814 F.3d 156, 161

---

[11] "[W]hen a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period." *Montanez*, 773 F.3d at 481.

(3d Cir. 2016), *as amended* (Feb. 24, 2016)[12]. Second, all allegations of fraud must be stated with "particularity." *Alberici v. U.S. Gov't*, No. CIV. A. 91-4870, 1992 WL 57922, at \*5 (E.D. Pa. Mar. 16, 1992), *aff'd,* 980 F.2d 722 (3d Cir. 1992) (citing Fed. R. Civ. P. 9), *aff'd*, 980 F.2d 722 (3d Cir. 1992). Third, silence or passive conduct is not fraudulent. Here, Plaintiff fails to complain with any specificity how Defendants misled him to trigger the doctrine of fraudulent concealment to be a basis for equitable tolling. As such, Plaintiff's various tolling theories do not revive the statute of limitations period for his claims.

Therefore, Plaintiff's claims are dismissed because the Second Amended Complaint shows on its face that Plaintiff failed to bring his claim against Defendants for his alleged misconduct during the two-year statute of limitations period, and thus, these claims are time-barred.

**B.  The Doctrine of Res Judicata bars Plaintiff's claims against Defendants.**

The doctrine of res judicata precludes Plaintiff from relitigating his same claims previously brought against Defendants in this present action. Our Supreme Court has well-settled that "the preclusive effect of a judgment" is met when successive litigation raises the same claim or same issue that prior litigation addressed, generally referred as the doctrine of res judicata. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Specifically, the Supreme Court has established the doctrine of claim preclusion where a "final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Id*. (citations and quotation marks omitted). By taking a broad view on whether successive suits are based on the same cause of action of a prior suit, the court must focus on the "essential similarity of the underlying events giving rise to the various legal claims." *Lubrizol Corp. v. Exxon Corp.*,

---

[12] Fraudulent concealment as a basis for equitable tolling requires a showing: "(1) that the defendant actively misled the plaintiff; (2) which prevented the plaintiff from recognizing the validity of [his] claim within the limitations period; and (3) where the plaintiff's ignorance is not attributable to [his] lack of reasonable due diligence in attempting to uncover the relevant facts." *Cunningham*, 814 F.3d at 161.

929 F.2d 960, 963 (3d Cir. 1991). The Third Circuit has made clear that the preclusive effect of a claim[13] may be established if the "new allegations seek recovery for essentially the same wrongful conduct or a single course of wrongful conduct." *Crimone v. McCabe Weisberg & Conway, P.C.*, 737 Fed. Appx. 107, 109-110 (3d Cir. 2018). (citation and quotation marks omitted).

To demonstrate claim preclusion, a defendant must show that "there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action. *Lubrizol Corp.*, 929 F.2d at 963. All three elements are met here for each defendant. In this case, Plaintiff's Second Amended Complaint arises from the alleged garnishment of his bank account that received deposits from his veteran disability benefits in June 2018. *See* (ECF No. 56.) Considering whether the three elements of res judicata have been met, the Court looks at each Defendant separately. Plaintiff asserts federal and state law claims against Defendants, those claims are dismissed with prejudice as res judicata applies.

First, the Plaintiff previously sued Defendants to recover his garnished account under theories of §1983 and §5301 and the matter was dismissed with prejudice. *Belfi v. Radius Bancorp*, No. 21-CV-5672, 2022 WL 93930 (E.D. Pa. Jan. 10, 2022). This Court found that Defendants' conduct did not constitute state action to find them liable under §1983 when they complied with a court order and exercised their subpoena power to compel others to produce evidence. *Id*. at 8. The Court finds that there was a final judgment on the merits in the prior suit.

Second, Plaintiff and Defendants were parties to the previous litigation and to this matter. *See* Defs.' Ex. 1, ECF No. 25-3; ECF No. 5. Here, Plaintiff and Defendant Thomas Wagner, were parties to the prior action and parties to this matter. *Id*. LendingClub, which acquired Radius

---

[13] Claim preclusion also "bars not only claims that were brought in a previous action, but also claims that could have been brought." *Duhaney v. Att'y Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010).

Bancorp, Inc.—original defendant to the prior action, was in privity[14] with Radius Bancorp, Inc., and was entitled to the preclusive effect of Radius' participation in the prior action with Plaintiff. It therefore follows that the second element has been met because the same parties or their privies are present in this action that were present in the previous action.

Third, Plaintiff seeks recovery under the same theories of liability, *inter alia*, that were brought in the prior action. *See* Defs.' Ex. 1, ECF No. 25-3; Defs.' Ex. 9, ECF No. 16-9 at 5. This Court dismissed Plaintiff's previous action against Defendants with prejudice. Defs.' Ex. 1, ECF No. 25-3. The preclusive effect of Plaintiff's previous claims against Defendants forecloses the present matter because the Second Amended Complaint here seeks recovery for essentially the same alleged wrongful conduct that was alleged at the prior action or should have been alleged. *See Duhaney*, 621 F.3d at 347 (claim preclusion "bars not only claims that were brought in a previous action, but also claims that could have been brought."). Accordingly, Plaintiff's claims against Defendants are barred under the doctrine of res judicata and dismissed with prejudice.

To the extent Plaintiff seeks to assert the same issues in this matter, those issues are dismissed with prejudice and collaterally estopped. The doctrine of issue preclusion or collateral estoppel "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to prior judgment, even if the issue recurs in the context of a different claim." *Taylor*, 553 U.S. at 892; *see also Howard Hess Dental Lab'ys Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 247 (3d Cir. 2010). The preclusive effect of an issue is met when "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating

---

[14] Privity is defined as a "mutual or successive relationship to the same rights of property. In its broadest sense, 'privity' is defined as mutual or successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right." *Greenway Ctr., Inc. v. Essex Ins. Co.*, 475 F.3d 139, 149 (3d Cir. 2007).

the issue was fully represented in the prior action." *Howard Hess Dental Lab'ys Inc.*, 602 F.3d at

247. Here, Plaintiff's Second Amended Complaint arises from the same issues raised in the prior

action and the underlying state action—alleged wrongful garnishment of Plaintiff's account and

the improper exercise of Defendants' subpoena power—and were dismissed with prejudice as

barred by the statute of limitations and judicial immunity.[15] Plaintiff fully litigated the issues in the

prior action and the underlying state action. *See* Defs.' Ex. 1, ECF No. 25-3; Defs.' Ex. 9, ECF No.

16-9 at 5; *Brophy, et al*, No. 171204000. For these reasons, Plaintiff is collaterally estopped from

raising the same issues raised in the prior actions, and thus, dismissed with prejudice.

### C. Plaintiff does not have a private right of action under 38 U.S.C. § 5301 or 231 Pa. Code 3111.1 to sue Defendants.

Plaintiff asserts a cause of action pursuant to 38 U.S.C. §5301 against Defendants. (ECF

No. 56). However, Plaintiff has no private right of action to bring a claim pursuant to § 5301. *Belfi*

*v. Radius Bancorp*, No. 21-cv-5672, 2022 WL 329564, at *2 (E.D. Pa. Feb. 2, 2022); *Belfi v. Radius*

*Bancorp*, 2022 WL 93930, at *2 n.2 (E.D. Pa. Jan. 10, 2022). The Court previously held, and

reaffirms now, that there has been no statutory language or case law that creates a cause of action

against a party that has sought to garnish exempt funds. *Belfi v. Radius Bancorp*, No. 21-cv-5672,

2022 WL 329564, at *2 (E.D. Pa. Feb. 2, 2022). Congress failed to include an *express* provision

in § 5301 creating a private right of action by one receiving veteran's benefits against an individual

or entity that has, or has attempted to attach, levy, or seize those benefits. Rather, Congress has

created a defense to the use of such remedies on a claim against the veteran receiving federally

---

[15] This Court also dismissed with prejudice Plaintiff's claims for abuse of process, violations of the federal Fair Debt Collections Practices Act, violations of the Pennsylvania Fair Credit Extension Uniformity Act, tortious interference with contractual relations, negligent misrepresentation, aiding and abetting fraud and civil conspiracy and intentional infliction of emotional distress because each claim was brought outside the prescribed statute of limitations period or was barred by the doctrine of judicial immunity. *Belfi v. Wagner, et al.*, No.23-cv-04346. While the Court did dismiss without prejudice Plaintiff's claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, Plaintiff, however, does not have standing to bring this action as it belongs to his bankruptcy estate. *Id.*

administered benefits. *See* § 5301(a)(1) ("Payments of benefits due or to become due under any law administered by the Secretary . . . shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary."). Also, this provision, contained in the chapter of general administrative provisions of benefits administered by the Secretary of Veterans' Affairs, has never been interpreted as *implying* a Congressional intent to create a cause of action. Accordingly, Plaintiff's §5301 claim against Defendants is dismissed with prejudice.

Plaintiff seeks to assert a violation of 231 Pa. Code Rule 3111.1 against Thomas Wagner and LendingClub pursuant to Pennsylvania's Rules of Civil Procedure. The Pennsylvania Rules of Civil Procedure "do not, and cannot, abridge, enlarge or modify substantive rights and jurisdiction established by statute." *Sutton v. Muller*, 592 A.2d 83, 86 (Pa. Super. 1991); s*ee also Commonwealth v. McMullen*, 961 A.2d 842, 847 (2008) ("[S]ubstantive law creates, defines, and regulates rights; procedural law addresses the method by which those rights are enforced."). Whether or not Defendants violated a state rule of procedure, Plaintiff is precluded from bringing this action because Thomas Wagner and LendingClub are not state actors, and the claim lacks subject matter jurisdiction. Therefore, this claim is dismissed with prejudice.

### D. The *Rooker-Feldman* doctrine deprives this Court of Subject Matter Jurisdiction over Plaintiff's claim.

Plaintiff had a full and fair opportunity to claim an exemption under federal law in the underlying action in state court but failed to do so. Further, Plaintiff now seeks for this Court to review a state court judgment because his federal claim was not litigated. (ECF No. 56.) While the Court rejects Plaintiff's assertion that his federal claim was never litigated, the sought after relief is barred pursuant to the *Rooker-Feldman* doctrine. Under that doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W.*

*Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id*. at 166 (quotations omitted).

The *Rooker-Feldman* doctrine has four prerequisites: "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Id*. Here, the four prerequisites have been satisfied.[16] First, the state court entered final judgment against Plaintiff. *Brophy*, No. 171204000. Second, Plaintiff now complains of injuries caused by the state court's June 2018 order. ECF No. 5. Third, Plaintiff filed this action after the underlying state court case. *Id*. Fourth, Plaintiff asks this Court to revisit Judge Nina Wright Padilla's state court judgment. *Id*. Therefore, the *Rooker-Feldman* doctrine is applicable here because Plaintiff asserts in his Amended Complaint that his injury arose from the June 2018 garnishment order by Judge Nina Wright Padilla rather than alleging a pre-existing injury prior to her Order. *Id*. As such, Plaintiff is barred from raising these claims pursuant to the *Rooker-Feldman* doctrine.

## IV.    CONCLUSION

To summarize, Plaintiff's claims are barred in their entirety by the applicable statute of limitations and principles of law. Since majority of Plaintiff's claims asserted in this lawsuit against Thomas Wagner and LendingClub have already been dismissed with prejudice by this Court,

---

[16] The Third Circuit instructs district courts to determine the applicability of the *Rooker-Feldman* doctrine by considering the "timing of the injury, that is, whether the injury complained of in federal court existed prior to the state-court proceedings and thus could not have been caused by those proceedings." *Id*. (internal citations omitted).

Defendants motion to dismiss is granted. *Belfi v. Radius Bancorp*, No. 21-CV-5672, 2022 WL 93930, at *2 (E.D. Pa. Jan. 10, 2022), *reconsideration denied*, No. 21-CV-5672, 2022 WL 329564 (E.D. Pa. Feb. 2, 2022), and *motion for relief from judgment denied*, No. CV 21-CV-5672, 2023 WL 4747675 (E.D. Pa. July 24, 2023). Amendment would be futile in this case. *See Peeples v. Citta*, 501 F. App'x 109, 111 (3d Cir. 2012) (affirming district court's declination of leave to amend because the panel did notsee how the plaintiff could have amended his complaint to overcome judicial immunity); *Harper-Bey v. New Jersey*, 512 F. App'x 128, 129 (3d Cir. 2013), n.1 (3d Cir. 2013) (district court did not err by not allowing the plaintiff leave to amend because the panel did not see how the plaintiff could have amended his complaint to overcome Eleventh Amendment immunity); *Mehta v. City of Jersey City*, 360 F. App'x 270, 271 (3d Cir. 2010) (dismissal based on *Rooker-Feldman* is recognized as a situation where amendment of a complaint is futile). Notwithstanding Plaintiff's numerous lawsuits against Defendants, he has failed to present to this Court any facts or case law to overcome the principles of law that prevent this case from proceeding. Therefore, Defendants' Motion to Dismiss is granted, and dismissed with prejudice. **An appropriate order follows.**

**BY THE COURT:**

*/s/ John Milton Younge*
**JOHN M. YOUNGE, J.**